**John A. Tolman & Company, Defendant in Error, v. William Shuflitowski et al., Plaintiffs in Error.**

### Gen. No. 15,209.

Contracts—*cannot be varied.* The terms of a written instrument cannot be varied by parol evidence.

Error to the Municipal Court of Chicago; the Hon. J. W. Houston, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed February 3, 1911.

Brady, Barnum & Rutledge, for plaintiff in error.

ALBERT KOCOUREK, for defendant in error; E. M. ASHCRAFT, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

In this case defendant in error recovered a judgment for $581.67, in the Municipal Court, upon an instructed verdict.

Defendant in error, Tolman & Company, a wholesale grocer in Chicago, had made a contract in writing with Shuflitowski, by which he was to sell goods for it, and his compensation was to be based upon a percentage of the profits of his sales. The company, however, made advances to him pursuant to the terms of the contract, he having furnished a bond to repay all indebtedness to the company. Shuflitowski worked for the company several months, during which he received advances in substantial amounts, and aggregating about $200 per month, and, as his sales were less than anticipated, it appeared that he was overpaid several hundred dollars, to recover which this suit was brought upon his bond.

The last paragraph in the written contract provided that upon the full performance by him of the terms and the conditions of the contract, and if the gross profits on his sales would average $400 per month, from the time he commenced work, the company would pay him $200 a month for his services; but if the gross profits were, on an average, less than that per month, he should receive a proportionately less salary; while if they were greater, on an average, each month, he should receive a proportionately greater salary.

Plaintiffs in error claimed that this paragraph was not a part of the actual contract between Shuflitowski and the company. They contended that, at the date of the execution of the written contract, there was a parol agreement made between Shuflitowski and the company, by which he was to be paid $200 a month,

absolutely, and without reference to the volume of his sales; that the provision in the contract was stated by Mr. Tolman to be merely a rule of the house; and, further, that after the contract was signed, Shuflitowski stated that there were things in it which he did not fully understand, and that it was not according to his verbal agreement, whereupon Mr. Tolman again told him that the contract had nothing to do with him, but was simply a rule of the house, which every employe was required to sign.

Statements of the account between the company and Shuflitowski, showing the charges and credits, were rendered to him from time to time, and he saw that, according to these statements, he was getting deeper in debt to the company, so he terminated his employment.

The court below instructed the jury to find for the plaintiff, thus holding against the contentions of plaintiffs in error, and in this we think the court was right. It seems to us clear, from all the testimony, that Shuflitowski did work under the written contract, though, possibly, he may have misapprehended the binding effect of its last paragraph. Under the circumstances, therefore, to allow the contentions of plaintiffs in error would be to permit the terms of a written instrument to be varied by parol, and this is not permissible.

The judgment is affirmed.

*Affirmed.*